## HOWELL JORDAN v. THE STATE.

### No. 2907. Decided October 12, 1904.

**1.—Perjury—Variance—Allegata et Probata—Charge of Court.**

Where the assignment of perjury was that appellant's testimony delivered in a previous trial as to a certain conversation between certain named parties at a certain time and place was false, and the State proved the assignment as laid, and the appellant's testimony at most was indefinite as to when or where the alleged conversation occurred, but rather corroborated the State's case as to time and place, the court was not required to charge upon the theory of variance between the allegation and the poof.

#### ON REHEARING.

**2.—Same—Indictment—Necessary Allegations.**

In an indictment for perjury it is not necessary to allege that the issue, or factum probandum, to be proven was material, but it must set out the alleged false testimony which constitutes the assignment of perjury, and this must be averred to be material, or sufficiently pleaded to show its materiality; and this must be traversed to be false.

**3.—Same—Time and Place of Alleged Perjury Material.**

Where the indictment for perjury alleged that appellant was introduced and sworn as a witness, etc., and that he testified that he heard a conversation between J. T. and C. M. at a party at S. M., in January, 1902, in which J. T. said, in substance and effect: "If you (meaning C. M.) are going to be my woman (meaning his J. T.'s woman) you (meaning C. M.) must let other men alone," to which she replied, "I am not having anything to do with other men;" and alleged that this statement was material and properly traversed the same as false, the allegation was sufficient. Overruling Martinez v. State, 7 Texas Crim. App., 394.

**4.—Same—Evidence—Charge of the Court—Time and Place Material.**

Where the evidence of the defense does not show that appellant did not make the statement as alleged in the indictment for perjury and that he made the statement as to the alleged conversation at some other place and time than that alleged, it was not incumbent on the court to have submitted the issue that if the State had not proved beyond a reasonable doubt the assignment as laid in the indictment, but that the evidence for defense showed that the alleged conversation occurred at a different time and place to acquit the defendant. On the contrary the State proved the assignment as laid in the indictment, and the appellant offered no counterveiling proof.

Appeal from the District Court of Cherokee.    Tried below before Tom C. Davis.

Appeal from a conviction of perjury; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*Perkins & Perkins,* for appellant.—The contention of the defendant from the very inception of this trial to its conclusion as is shown by the record, was that the time and place where the conversation took place was immaterial, and that the material part of the charge was the fact that John Tyler and Cora Mallard, either did or did not have the conversation which this defendant swore he heard between them; and as the indictment only negatived that the conversation took place at Sol Mallard's in Jan. A. D. 1902, and did not at any place charge that the conversation did not occur at some other time or place, the perjury being assigned thus upon the time and place which was immaterial, it was not an assignment upon which perjury could be predicted.

In the case of Martinez v. State, 7 Texas Crim. App., 394, where one F. Martinez was tried and convicted for perjury which it was alleged was committed upon the trial of one John Hannahan, who was tried for the theft of a cow, our court of appeals, Judge White, rendering the opinion says: "The Perjury, it is charged, consisted in the witness stating that he saw West kill the steer about four months before, and this statement is negatived by the prosecution with the allegation, 'when, in truth and in fact, the said Frank West did not kill said steer at the time and place alleged.' As stated in the indictment, the allegations are insufficient to support an assignment for perjury." The indictment against this defendant, Howell Jordan, names the time and place, the one against West did not, but they both are entirely similar in that neither of them negative the material facts, but they both negative the same thing, that is the time and place. Had the indictment, in the case at bar, alleged that no such conversation as this defendant testified he heard between John Tyler and Cora Mallard ever occurred at any time or place, we believe it would have been sufficient, not having so done, in our humble opinion, it is insufficient, and perjury can not be assigned upon it. Martinez v. State, 7 Texas Crim. App., 394; Smith v. State, 1 Texas Crim. App., 620; Donohoe v. State, 14 Texas Crim. App., 638.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The only question to which our attention has been directed, that deserves consideration, is an alleged variance between the proof offered as constituting perjury, and the allegations in the indictment; that is, as we understand the contention is, that there was affirmative testimony

in the record raising the issue as to time and place when the alleged perjury should have been committed. In our opinion a careful perusal of the record fails to disclose that there was any such affirmative proof. The State predicated the perjury on appellant's testimony delivered in the previous trial of one Tyler, as to a conversation between Cora Mallard (prosecutrix in that case) and John Tyler, at a party at Sol Mallard's in January, 1902. The State alleged that appellant testified on said trial, that a certain conversation occurred at that time and place, between Cora Mallard and John Tyler, to wit: that appellant on that occasion should have heard John Tyler say to Cora Mallard: "If you are going to be my woman you must let other men alone; and that she replied: 'I am not having anything to do with other men; I am your woman.' " The State alleged the falsity of this conversation and predicated a charge of perjury thereon; and, as we understand this record, proved the State's case as laid by a number of witnesses. Appellant contends that by two witnesses, an issue was raised as to the time and place when this conversation should have occurred. By John Tyler he proved that appellant testified to the conversation in substance. He then says that he (Tyler) had such a conversation with Cora Mallard, but he could not tell where, or when it was that the conversation happened; it might have been at Sol Mallard's or it might have been at Henry Mallard's. Appellant's counsel, B. B. Perkins, Esq., testified, in substance, that he had some difficulty in getting appellant in the trial of Tyler, to state where the conversation occurred; that objection was raised by Mr. Imboden to his testifying, which objection involved time and place; "that he then asked witness if it occurred in January, and he said he thought so. He then asked, if it was last January, and he said no, sir; that he had the smallpox last January and did not go anywhere. He then asked him if it was the January before, and he said he thought it was; that he knew it was not last January, for he had the smallpox then and did not go anywhere, and it must have been the January before." The most that can be said of this testimony is, that the witnesses were not definite as to when it occurred; they not only failed to contravene the State's case as to time and place when said conversation should have occurred, but they appear to corroborate the State's case as to time and place. Before the court could be required to charge upon a theory, there must be some evidence pertinently raising that theory. We do not believe the record does so here: consequently appellant's contention is not well taken. There being no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING, DECEMBER 20, 1904.

HENDERSON, JUDGE.—This case was affirmed at a former day of this term, and is now before us on motion for rehearing. The issues raised in the motion were treated in the original opinion. But counsel for appellant urgently insists that we were wrong in deciding those

issues against him. He insists that the indictment should be quashed because the date stated in the alleged false testimony is not material. And he particularly claims that the indictment is defective in that it only negatives the fact that the conversation occurred at Sol Mallard's at a party, in January, 1902, and does not negative the fact that the conversation did not occur; and to support his contention he refers us to Martinez v. State, 7 Texas Crim. App., 394. We have examined that case, and in our opinion it is in point. However, we believe that the proposition was incorrectly decided in that case. We understand the rule to be, where the alleged perjury was committed in the trial of a case, that the indictment should aver the case being tried, and that issued was joined in said case. But it is not necessary to allege that the issue or factum probandum to be proven was material. Then, the indictment must set out the alleged false testimony which constitutes the assignment of perjury, and this must be averred to be material, or sufficiently pleaded to show its materiality. This must be traversed or stated to be false. We understand this indictment to contain the allegations as above stated. That is, it is alleged that one John Tyler was being tried in the district court of Cherokee County for an alleged rape, committed on one Cora Mallard, giving time, place, etc., and that said court had jurisdiction, etc. It is then charged that appellant was introduced and sworn as a witness, etc., and that he testified, as follows: That he heard a conversation between John Tyler and Cora Mallard at a party at Sol Mallard's, in January, 1902, in which John Tyler said, in substance and effect, " 'if you (meaning Cora) are going to be my woman (meaning his John Tyler's woman) you (meaning Cora) must let other men alone,' to which she replied, 'I am not having anything to do with other men.' " This statement was alleged to be material, and is properly traversed as false. We understand that all the authorities require that the alleged statement or testimony of the witness on which the assignment of perjury is based is required to be set out and charged to be material as was done here. We also understand that the alleged statement on which the perjury is assigned, must be substantially proven as alleged. That was done here. If the State had proved something else than as assigned, there would have been a variance and the prosecution could not have been maintained. We are at a loss to see or appreciate the ground of appellant's objection to this indictment. Under all of the authorities, except the one referred to by counsel, the indictment is in proper form. That said assignment was material to the main issue cannot, in our opinion, be questioned. It was material as original testimony in the rape case to show that Cora Mallard likely consented to the carnal intercourse; and it was material to impeach and contradict Cora Mallard, who testified on the trial. If appellant or his witness had contended that he did not make the statement as alleged by the State, and had offered proof to that effect, and such proof had shown that he made the statement as to the conversation, locating it as some other place and at some other time, then it would

have become incumbent on the court to have submitted an issue to the jury to the effect that, if they did not believe beyond a reasonable doubt that the State had proven the assignment as laid in the indictment, but that the testimony given by appellant was at another time and place, they should acquit defendant of the charge as alleged in the indictment. But we do not understand such to have been the case here. On the contrary the State proved (as stated in the original opinion) the assignment set out in the indictment, and we do not understand appellant offered any countervailing proof. We trust that we have made ourselves understood as to the propositions embraced in the motion for rehearing; and would not have discussed the same matter embraced in the original opinion, but for the urgency of appellant's counsel. The motion for rehearing is accordingly overruled.

*Overruled.*

Brooks, Judge, absent.